UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                              Case Number 19-20045

v.                                               Honorable David M. Lawson

JAVAR CHAVERS,

          Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on the defendant's *pro se* motion for compassionate release. The defendant presently has served approximately five months of a twelve-month sentence for possession with intent to deliver a controlled substance. On May 28, 2020, the defendant filed a motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), which was received and docketed by the Court on June 22, 2020. However, although the defendant alleges that he submitted a request for compassionate release to the appropriate prison authorities, he concedes that his request has not yet been denied and that he has not waited the requisite 30-day period required to exhaust his administrative remedies. The Court therefore finds that the motion must be denied without prejudice because the defendant has not shown that he has complied with the exhaustion of administrative remedies requirement of 18 U.S.C. § 3582(c)(1)(A), and controlling circuit law mandates that the failure to exhaust cannot be excused under the circumstances presented in this case. However, the denial will be without prejudice to refiling at an appropriate time when the required administrative process has been exhausted.

Ordinarily a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, there are exceptions to that general rule, and one is found in the First

Step Act (FSA), Pub. L. No. 115-391, which became law in December 2018.  The FSA allows a court to reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  This so-called "compassionate release" provision allows a court to reduce a prison term "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  But that action must await a "motion of the Director of the Bureau of Prisons," or a "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Ibid.*

In its recent decision in *United States v. Alam*, 960 F.3d 831, 2020 WL 2842694 (6th Cir. 2020), the Sixth Circuit held that "[i]f the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court . . . by moving for it on his own behalf," but "[t]o do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison." 2020 WL 2842694 at *2 (quoting 18 U.S.C. § 3582(c)(1)(A)).  The court of appeals further held that the exhaustion requirement is a claim processing rule that does not implicate subject matter jurisdiction, but that it also is mandatory and not subject to waiver, forfeiture, or any pertinent equitable exception, at least where the government timely asserts an objection based on failure to exhaust.

Here, the defendant submitted a request for compassionate release to the prison warden, but he admits that he neither received a decision nor waited 30 days before seeking judicial relief. Thus, the defendant was not entitled to proceed with seeking judicial review based on the

- 3 -

expiration of the 30-day statutory waiting period after a request that has met with no action.  The

FSA allows two paths to judicial review of compassionate release rulings by BOP authorities, and

both begin with the submission of a request to the warden.  The inmate may seek judicial review

if the warden denies his request and the defendant then exhausts his administrative appeals, *see* 28

CFR § 571.63; 28 CFR § 542.15, or 30 days elapses "from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i).  But the

defendant may not proceed to Court directly without first either completing the administrative

appeal process or waiting at least 30 days after tendering his request for release.

The defendant has not established that he has exhausted any available administrative

avenues for advancing his request for compassionate release with the prison authorities, and he

admits that he did not wait 30 days after a request was submitted.  The motion before the Court

therefore must be denied.  However, the denial will be without prejudice to renewal at an

appropriate time following either full exhaustion of all available administrative process for

appealing a denial or the lapse of 30 days from the date of submission to prison authorities of a

request for release.

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF

No. 69) is **DENIED** without prejudice.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   June 25, 2020